## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

PHOENIX ENTERTAINMENT
PARTNERS, LLC, a North Carolina
LLC

      Plaintiff,

v.                                    Case No:  2:16-cv-557-FtM-99CM

ENTCOM, INC.,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Renewed Motion for Entry of Clerk's Default (Doc. 11) filed on October 7, 2016.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff seeks entry of clerk's default against Defendant, Entcom, Inc., for failure to defend.   Doc. 11.

On July 14, 2016, Plaintiff filed a Complaint (Doc. 1) against Defendant, and Defendant's time to respond to Plaintiff's Complaint (Doc. 1) has expired.   On September 30, 2016, Plaintiff moved for entry of clerk's default against Defendant. Doc. 8.   The Court denied without prejudice Plaintiff's motion (Doc. 8) because Plaintiff did not file a Return of Service to show that proper service was effectuated upon Defendant.   Doc. 9.   On October 7, 2016, Plaintiff filed a Return of Service and the present motion for entry of clerk's default against Defendant.   Docs. 10, 11.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).   Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.   *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"   Fed. R. Civ. P. 4(h)(1)(A), (e)(1).   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.   Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent.   *Id.*   § 48.081(3)(a).   If service cannot be made on the registered agent, service of process is permitted on any employee at the corporation's principal place of business or any employee of the registered agent.   *Id.*

Here, the Return of Service states that on August 3, 2016, a process server from Robert L. Jones, Inc. delivered a true copy of the Summons in a Civil Action, Complaint and Jury Demand, Exhibit A,[1] and a witness fee check to Jeff Poole, the co-president for Entcom, Inc., at 528 Penski Road, Venus, FL 33960.   Doc. 10. Affidavits by process servers constitute a *prima facie* showing that defendants have been served.   *Udoinyion v. The Guardian Sec.,* F. App'x. 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(1)(a)-(d).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendant Entcom, Inc., has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

---

[1] It is not clear from the records which "Exhibit A" the Return of Service refers to. Doc. 10.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Renewed Motion for Entry of Clerk's Default (Doc. 11) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Entcom, Inc. d/b/a the Bottom Line.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record